UNITED STATES DISTRICT COURT　　　　　　　　C/M
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
JASON GIBSON,                                           :
                                                        :
                    Petitioner,                         :   **MEMORANDUM**
                                                        :   **DECISION AND ORDER**
         - against -                                    :
                                                        :   16-cv-6247 (BMC)
LARRY FRANK,                                            :
                                                        :
                    Respondent.                         :
------------------------------------------------------- X

**COGAN**, District Judge.

After being apprehended in possession or constructive possession of a substantial amount of firearms, ammunition, and drugs, petitioner pled guilty in New York State Court under a plea agreement to one count of criminal drug possession and one count of criminal weapons possession as a predicate felon, for which, pursuant to the agreement, he was sentenced to five years on each charge to run concurrently. He changed his mind less than a year after sentence and filed various collateral proceedings in state court seeking to set aside his conviction.[1] Those proceedings were unsuccessful, and he has now commenced the instant case seeking habeas corpus relief under 28 U.S.C. § 2254.

Additional facts will be set forth below to the extent necessary to address petitioner's claims. The claims he has raised are either not cognizable on habeas corpus review or without merit, and his petition is therefore denied.

**I.  State Law Claims (Petition Grounds One and Two)**

Three of the arguments stated in his federal habeas corpus petition, as was the case when they were raised in state court, allege violations of state law leading up to his plea. Specifically,

---

[1] The collateral proceedings consisted of a motion under New York Criminal Procedure Law ("C.P.L.") § 440.10, a motion to reargue the denial of that motion, and a motion for habeas corpus relief under N.Y. C.P.L.R. Article 70, which was denied on the ground that the proper vehicle to seek such relief was C.P.L. § 440.10.

he alleged in state court, and he alleges here, that: (1) the felony complaint against him did not conform to the requirements of C.P.L. §§ 100.15(3) and 100.40 because it did not contain evidentiary facts; (2) New York law did not permit him to waive his right to indictment and plead to an information, and since the information did not meet the statutory requirements for an indictment under C.P.L. § 190.65, the court was without jurisdiction to convict and sentence him; and (3) the state court failed to advise him of his right to a preliminary hearing under C.P.L. § 180.10.[2] The state court rejected these claims on a number of grounds, both procedural and substantive, including the fact that he had signed waivers of these rights, as well as his right to collaterally challenge his plea. It expressly held that the felony complaint "substantially conforms to the requirements of CPL section 100.15," and that CPL § 195.10(1)(b) "provides [that] a defendant may waive indictment and consent to be prosecuted by a Superior Court information."[3]

These alleged violations of state law are not cognizable on federal habeas corpus review. See 28 U.S.C. § 2254(a) (permitting federal habeas review only where the petitioner is allegedly in custody in violation of "the Constitution or laws or treaties of the United States"); Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); New York ex rel. Turner v. Dist. Att'y of N.Y. Cty., No. 12-cv-3355, 2015 WL

---

[2] In his state court § 440.10 motion and here, petitioner contends that the state court's failure to advise him of his right to a preliminary hearing under C.P.L. § 180.10 deprived him of his right to "procedural and substantive constitutional due process." However, it is well-settled that "there is no federal constitutional right to a preliminary hearing." Strong v. Mance, No. 07-cv-0878, 2010 WL 1633398, at *7 (N.D.N.Y. April 2, 2010) (collecting cases); see also Accord Patel v. Martuscello, No. 10-cv-5695, 2015 WL 11401853, at *4 (E.D.N.Y. May 12, 2015); Alston v. Giambruno, 06-CV-6339, 2009 WL 5171860, at *5 (W.D.N.Y. Dec. 21, 2009) (stating that a violation of "§ 180.80 does not present a federal constitutional question"). Thus, to the extent he is seeking to raise this as a federal constitutional claim, it is rejected.

[3] As the § 440.10 court pointed out, petitioner is simply confused on this point. A defendant cannot waive indictment in a capital case, but he certainly can waive indictment in a non-capital case.

4199135, at *10 & n.7 (S.D.N.Y. July 10, 2015) (state court determination of challenge under N.Y. C.P.L. § 190.65 would not be considered on habeas corpus); Fulton v. Greene, No. 05-cv-6314, 2009 WL 3733046, at *3 (W.D.N.Y. Nov. 5, 2009) (finding that a petitioner's claim under C.P.L. § 190.65 was a "purely state law matter" and was not cognizable on federal habeas review). Although, in his federal habeas petition, petitioner alleges that the failure to apply some of these statutes amount to violations of his constitutionals rights, he is incorrect, and, in any event, he executed a waiver of those statutory rights.

Accordingly, petitioner's claims on these points are rejected.

## II. Fourth Amendment Claim (Petition Ground Four)

As part of his state court motion to vacate his plea, petitioner contended that there was no probable cause for his arrest. The state court held, *inter alia*, that there was. This claim cannot be raised on federal habeas corpus review for several reasons.

First, it is well established that a habeas petitioner cannot bring claims that arose prior to the entry of his guilty plea to attack his conviction unless those claims are for ineffective assistance of counsel. See Tollett v. Henderson, 411 U.S. 258, 266-67, 98 S. Ct. 1602, 1607-08 (1973); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991). Second, even if petitioner's conviction had been the result of a jury verdict, the Supreme Court's decision in Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037 (1976), precludes federal habeas corpus review of Fourth Amendment claims, as long as state law provides adequate and available procedures for raising such claims. As it pertains to New York law, the Second Circuit has held that New York provides an adequate and available mechanism for raising such claims. See Capellan v. Riley, 975 F.2d 67, 70 n.1 (2d Cir. 1992).

Indeed, the only reason that mechanism was not utilized here is because petitioner pled guilty, which brings the case back to the first reason why his claims are rejected. Moreover, notwithstanding his guilty plea, the § 440.10 court, although recognizing that the guilty plea waived his right of review, alternatively reviewed his Fourth Amendment claim on the merits and found that there was probable cause for his arrest. As shown below, this alternative holding was clearly correct under any standard of review. He is not entitled to present that issue again here.

### III. Ineffective Assistance of Trial Counsel (Petition Ground Three)

Petitioner asserts that his counsel was deficient in "not making a reasonable investigation into the circumstances of my case" which would have disclosed the "defenses raised in my post-conviction motions," i.e., the points set forth above.

It is not clear that this claim was properly exhausted in the state courts. In his § 440.10 motion, petitioner enumerated four grounds for setting aside his conviction – the three alleged statutory violations and the Fourth Amendment violations set forth above. His motion discussed those at length, and the only possible reference to an ineffective assistance claim appears in the last paragraph, where he stated, "[t]he attorney of record fell short in doing his Due Dilligence [sic] in protecting the rights of his client, which has harmed defendant's chances at fair play at [sic] justice." There was no reference to any possible ineffective assistance claim at all in his reply affidavit in support of the § 440.10 motion. If he did intend to raise an ineffective assistance claim, the § 440.10 court did not see it, as it made no reference to any such claim in its lengthy decision denying petitioner's motion on both procedural and substantive grounds. Nor did petitioner refer to an ineffective assistance claim in his motion to reargue the § 440.10 court's decision. And although his C.P.L.R. Article 70 petition was procedurally defective, and

4

thus inadequate to exhaust this claim in any event, Hall v. N.Y. State Div. of Parole, No. 99 Civ. 11317, 2000 WL 33952256, at *4 (S.D.N.Y. Nov. 29, 2000), he did not raise an ineffective assistance claim there either.

Whether I assume that the passing reference in petitioner's § 440.10 motion was sufficient to exhaust the claim or not, however, makes no difference. If I deem it exhausted by this reference, I would review it under a *de novo* standard of review because the state court did not address it. See Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). If it is unexhausted, thus presenting me with a "mixed" petition, I can resolve the claim if it is "plainly meritless." See Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005). This one plainly is, and thus fails regardless of exhaustion.

The test that petitioner has to meet to demonstrate ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, he must show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 688, 104 S. Ct. at 2064-65. The court must apply a "strong presumption of competence" and "affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." Cullen v. Pinholster, 563 U.S. 170, 196, 131 S. Ct. 1388, 1407 (2011) (internal quotation marks). Second, under the "prejudice" prong, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 664, 104 S Ct. at 2068. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112, 131 S. Ct. 770, 792 (2011). Petitioner's perfunctory reference to ineffective assistance does not come close to meeting either of these criteria.

First, as noted above, much of petitioner's statutory interpretation of New York law is simply wrong. There was nothing in state law that prevented him from waiving indictment and proceeding by information, and so his counsel was not deficient in failing to tell him that he could not waive that right. Second, the § 440.10 court specifically found that the felony complaint against him did contain sufficient evidentiary facts to meet the requirements of the statute, so if his attorney had advised him to the contrary, his attorney would have been giving him bad advice. Third, although petitioner insists he should have been advised of his statutory right to a preliminary hearing, he nowhere says what would have happened if he had been so advised. It is absurd to suggest, as he does but only by implication, that he would have risked the modest five year sentence he received for one drug and one gun count and faced trial on the original charges – one count each of Criminal Possession of a Controlled Substance in the First, Third, and Seventh Degree, nine counts of Criminal Possession of a Weapon in the Second Degree, four counts of Criminal Possession of a Weapon in the Fourth Degree, one count each of Criminal Possession of Marijuana in the Second and Third Degree, and one count of Criminal Sale of Marijuana in the Third Degree.

These charges arose from the observations of a detective who observed petitioner enter a vehicle with a piece of folded white paper and emerge empty handed. The police then stopped the vehicle after petitioner left the scene and found the driver with the folded white paper that petitioner had given him. The white paper contained two ounces of marijuana. Based on that, the police arrested the driver and obtained search warrants for petitioner's home and car. There, they found a .38 caliber revolver, a .9 mm submachine gun with flash suppressor, a 30 round high-capacity magazine and ammunition, a .45 caliber pistol and ammunition, documents with petitioner's name, $16,015 in cash, two drug scales, marijuana, 567 grams of cocaine, and a .357

magnum revolver loaded with six rounds and a defaced serial number.  The fact is that petitioner's counsel got him an extremely advantageous plea agreement.  The technical, and wrong, points petitioner raised after getting the benefit of his bargain make his ineffective assistance of counsel claim frivolous.

Indeed, his proposed Fourth Amendment theory only serves to demonstrate how effective his counsel was in obtaining the plea bargain.  The entire basis of his theoretical challenge is that the detective's criminal complaint against the driver of the car noted that the driver was in possession of marijuana, but did not say it was contained in the folded white paper.  But if petitioner's lawyer had counseled petitioner to forego the plea agreement and move to suppress his arrest based on the omission of that detail, that advice would have been a lot closer to ineffective assistance than petitioner's claim here.  There was no reason why the detective had to refer to the white paper in filing the criminal complaint against the driver; it was, as the § 440.10 court ruled, "of no moment."  Clearly, any advice petitioner's counsel gave him to take the plea agreement in exchange for five years (and, in his collateral proceedings, petitioner never even proffered any of the discussions between his lawyer and himself on this issue) would have been objectively reasonable, and petitioner could not possibly show prejudice from having accepted the plea agreement.

## CONCLUSION

The petition is denied and the case is dismissed.  A certificate of appealability shall not issue as the petition presents no substantial questions.  See 28 U.S.C. § 2253(c).  Further, the

7

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

                                                             U.S.D.J.

Dated: Brooklyn, New York
        January 19, 2017